# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

|  |  |
|---|---|
| CLARICE WARNER, <br><br> Plaintiff, <br><br> v. <br><br> THE VILLA AT MILLWAY, LLC, <br><br> and <br><br> VILLA HEALTHCARE MANAGEMENT INC. <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br><br> Jury Trial Demanded |

## COMPLAINT

**(Discriminatory Discharge / Failure to Accommodate, 42 U.S.C. § 1210.)**

Plaintiff Clarice Warner, by and through her counsel, Paul Schinner of Cross Law Firm, S.C., complains and states as follows against Defendants The Villa at Millway, LLC, d/b/a The Villa at River Parkway, and Villa Healthcare Management, Inc (collectively "Defendants" or "Villa").

## I. NATURE OF THE CASE

1. Plaintiff worked as a licensed practical nurse (LPN) for Defendant Villa, a long-term care provider. After a bad fall in January 2017 in Defendants' icy parking lot, Plaintiff became disabled: a herniated disk resulted in severe, chronic back pain that substantially impaired her ability to lift, bend, sit, etc. On August 29, 2017, Defendant Villa told Plaintiff, in writing, that (1) it maintained a policy of not accommodating any disabilities allegedly resulting from non-work-related injuries; and (2) Plaintiff's employment was accordingly terminated.

## II. FEDERAL JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and the subject matter of this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because Defendants do business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. On or about September 20, 2017, Plaintiff filed timely charges of disability discrimination with the Milwaukee Area Office of the Equal Employment Opportunities Commission ("EEOC"), alleging discriminatory discharge and failure-to-accommodate. Defendants then received notice of the charge. On October 22, 2020, the EEOC issued Plaintiff a notice-of-right-to-sue letter for her charge, No. 846-2017-36752. (Exhibit A).

## III. PARTIES

5. Plaintiff Clarice Warner is an adult citizen of the United States of America and a resident of Milwaukee, Wisconsin.

6. Defendant The Villa at Millway, LLC is a Wisconsin limited liability company with a principle place of business registered as 3755 Chase Avenue, Skokie, Illinois 60076. Its registered agent, Corporation Service Company, is located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

7. Defendant Villa Healthcare Management, Inc. ("Villa Healthcare") is an Illinois corporation with a principal place of business located at 3701 W. Lunt Avenue, Lincolnwood, IL 60712. Its registered agent, MS Registered Agent Services I, is located at 191 N. Wacker Drive, Suite 1800, Chicago, IL 60606.

## IV. GENERAL ALLEGATIONS

8. Defendant Villa Healthcare does business as Villa Health and, along with Defendant Villa at Millway, LLC, offers post-acute and long-term healthcare services. Specifically, at all times relevant to this complaint, Defendant Villa Healthcare directly engaged in the operation and management of multiple long-term care facilities in Wisconsin, Illinois, Michigan, Minnesota, and Iowa, according to the "Locations" tab of its website, https://villahc.com.

9. Although day-to-day operational oversight of the individual facilities that make up what Defendant Villa Healthcare labels its "family" are provided by an on-site Administrator as required by state law, Defendant Villa Healthcare operates as a single organization and enterprise, with Defendant Villa Healthcare's corporate management directing and exercising control over its facilities, including Defendant Villa at Millway, LLC.

10. Defendant Villa Healthcare's role includes direct involvement in providing a uniform standard of care and in personnel decisions at each of its facilities. For example, regarding facility staff like Plaintiff, Defendant Villa Healthcare states that its commitment to care "extends directly to our staff"; that "we invest in our staff, and their input helps drive company decisions"; and that "we go above and beyond to provide exceptional care....".

11. Management, including human resources directors, of Defendants' facilities use the same Villa Healthcare company email (e.g., [name]@villhc.com) and are required to follow uniform Villa Healthcare company-wide policies and operate pursuant to uniform protocols and procedures. The uniformity extends to the name of each facility, which generally differ only to the extent necessary to distinguish their respective location, e.g., "Villa at Lincoln Park," "Villa at Middleton Village," "Villa at South Holland," etc.

12. Defendant Villa Healthcare refers to the staff of individual facilities as "our people" and "Villa employees," even naming individual, high-performing employees on its Villa Health website. For example, Defendant Villa Healthcare, on its website, highlights how a LPN at one of its facilities, Villa at St. Louis Park, "stepped in" when "we have had an increase in referrals"; and how a maintenance worker at Villa at South Holland who "has worked for Villa for five years" has helped staff and visitors jump start their cars.

13. Defendant Villa Healthcare is also directly involved in the hiring and firing of staff at individual facilities (such as Defendant Villa at Millway) as well as maintaining regulatory compliance, providing human resources functions, and implementing each facilities' work rules and equal employment policies, etc. For example, its website includes a "Careers" and "Job Openings" tab through which applicants can apply to work at any of its facilities, and which touts Villa Healthcare's "positive employee culture."

14. Further underscoring its direct control over Plaintiff's worksite, Villa at River Parkway, Defendant Villa Healthcare on or about November 20, 2017, announced in a press release quoting Defendant Villa Healthcare Chief Operating Officer David Devereaux, that Defendant Villa Healthcare had made a "decision to close the River Parkway center" in 2018 and to transfer its residents and staff to other Defendant Villa Healthcare facilities, including the nearby facility, Villa at Bradley Estates.

15. Had it not been for her wrongful August 29, 2017 termination, described below, Plaintiff would have retained employment via a transfer to another Villa facility.

## V. DISCRIMINATORY CONDUCT

16. On or about February 10, 2016, Plaintiff commenced employment with Defendant Villa as a Licensed Practical Nurse (LPN), at Defendant Villa's 8534 West Mill Road facility in

4

Milwaukee, Wisconsin, Villa at River Parkway, which was part of Defendant Villa Healthcare, with its license held by Defendant Villa at Millway, LLC.

17. At all relevant times, Plaintiff was a qualified employee as defined by 42 U.S.C. § 12111(8) of the ADA. During her employment as an LPN, Plaintiff met or exceeded all of Defendant Villa's reasonable performance expectations and could perform the essential functions of her position.

18. On or about January 17, 2017, Plaintiff slipped on a patch of ice in the employee parking lot and was diagnosed with a cervical herniated disk. The injury resulted in chronic back pain and substantially impaired several of her major life activities, including her ability to lift objects, lift or hold people, bend at the waist to pick things up or put things down, or sit for prolonged periods of time.

19. Plaintiff informed Defendant Villa of her condition and her restrictions, and requested a reasonable accommodation with regard to certain job duties. Specifically, Plaintiff requested light duty and that she be excused only from being required to perform physical tasks beyond her restrictions. In support of her request, Plaintiff submitted a note from her medical provider.

20. Defendant Villa initially granted the accommodation, effectively modifying Plaintiff's job duties so that she was only required to perform those duties that were not prohibited by the above-described physical restrictions.

21. For example, Plaintiff performed paperwork and other administrative tasks for Defendant Villa, of which there was never a shortage. This light duty accommodation caused Defendant Villa no undue hardship, as evidenced by the fact that the arrangement worked successfully with no complaints from either party for several months.

5

22.     In the meantime, Defendant Villa had contested, for purposes of workers' compensation, whether Plaintiff's disabling injury had been work-related and obtained a statement from its medical examiner opining that the injury was not work-related.

23.     On or about August 29, 2017, Defendant Villa, acting through its Human Resources Director Better Miller, terminated Plaintiff's employment, citing what Defendant Villa later admitted to EEOC was a broadly applicable company policy to "not accommodate non-work related injuries."

24.     In an August 29, 2017 termination letter sent to Plaintiff on Defendant Villa Healthcare's letterhead, Defendant Villa stated "we are no longer able to accommodate your restrictions as we do not accommodate restrictions for non-work injuries."

## VI.    COUNTS

### COUNT ONE

**Failure to Provide a Reasonable Accommodation; 42 U.S.C. § 12112(b)(5)(A)**

25.     Plaintiff Clarice Warner re-alleges and incorporates by reference the allegations against both Defendants contained in the preceding paragraphs as if fully restated herein.

26.     Plaintiff is "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 and could perform the essential functions of her position with reasonable accommodations.

27.     During all times relevant to this complaint, both Defendants Villa Healthcare and Villa at Millway were "covered entities" under the ADA, as both Defendants employed more than 15 employees in each of 20 or more calendar weeks.

28.     Defendants were aware of Plaintiff's substantial impairment and need for accommodation.

29. Defendants never made any determination that accommodating Plaintiff would impose an undue hardship on the operation of the business.

30. Defendants' reason for denying Plaintiff's request for a reasonable accommodation was that the examiner it hired had opined that the *cause* of a disability was not work related. That is not a lawful basis to deny a reasonable accommodation request.

31. As a result of Defendants' refusal to accommodate her disability, Plaintiff has suffered substantial economic and non-economic damages, including lost earnings, pain, suffering, and emotional distress.

## COUNT TWO

### Discriminatory Discharge, 42 U.S.C. § 12112(a)

32. Plaintiff Clarice Warner re-alleges and incorporates by reference the allegations against both Defendants contained in the preceding paragraphs as if fully restated herein.

33. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 and could perform the essential functions of her position with reasonable accommodations.

34. During all times relevant to this complaint, both Defendants were "covered entities" under the ADA, as both Defendants have employed more than 15 employees in each of 20 or more calendar weeks

35. Defendants were aware of Plaintiff's disability and need for accommodation with regard to her work duties.

36. Defendants intentionally and with malice and reckless indifference to Plaintiff's rights violated the ADA by refusing to accommodate her disability when Defendants terminated

7

Plaintiff's employment because of her status as a qualified individual with a disability despite knowing that the ADA required reasonable accommodations.

37. As a result of Defendants' discriminatory termination of her employment, Plaintiff has suffered substantial economic and non-economic damages, including lost earnings, and emotional distress.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Plaintiff be awarded all economic damages caused by Defendants' conduct, including back pay, plus interest;

b. Plaintiff be awarded damages for compensatory and consequential damages including mental anguish;

c. Defendants be ordered to reinstate Plaintiff or, in lieu of reinstatement, award her front pay;

d. Plaintiff be awarded pre and post-judgment interest, costs, and reasonable attorney's fees incurred in connection with this action;

e. Defendants should be ordered to end their discriminatory practice of allowing those with work-related disabilities reasonable accommodations while denying the same right to those with a disability that is not work-related;

f. Plaintiff be awarded Punitive Damages because Defendants acted with malice and reckless indifference of her rights; and

g. Plaintiff be granted such additional or alternative relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: 01/19/2021

Milwaukee, Wisconsin

>Respectfully submitted,
>**Cross Law Firm, S.C.**
>
>By: /s/ Paul Schinner
>Paul Schinner
>WI State Bar No. 1093983
>Mary C. Flanner
>WI State Bar No. 1013095
>Attorneys for Plaintiff
>Clarice Warner
>
>CROSS LAW FIRM, S.C.
>845 North 11th St.
>Lawyers' Building
>Milwaukee, Wisconsin 53233
>Tel: (414) 224-0000
>Fax: (414) 273-7055